November 23, 2016

**BY ECF**

The Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *United States v. All Assets Listed on Schedule I Attached Hereto*, No. 10-CV-4750-JS (E.D.N.Y.)

Dear Judge Seybert:

      I am counsel of record for David H. Brooks on appeal from *United States v. Brooks, et al.*, No. 06-CR-550 (E.D.N.Y.). Mr. Brooks previously appeared pro se in this matter, and because he lacked counsel in this case upon his death, I ask that the Court accept this letter regarding efforts being taken to open his estate and to obtain counsel for the estate to appear in substitution of the deceased, Mr. Brooks. In that regard, and pursuant to the government's filing of a suggestion of death under Federal Rule of Civil Procedure 25(a)(1) on November 22, 2016, I write to respectfully request that all deadlines and discovery in the above-captioned action be stayed for 90 days so that David H. Brooks's estate may substitute for David H. Brooks as a party in this action.

      Federal Rule of Civil Procedure 25(a) "provides a ninety-day window within which to file a motion for substitution, calculated from the filing of the suggestion of death." *English v. Murphy-Lattanzi*, No. 12-CV-419 (JS) (SIL), 2015 WL 630248, at *2 (E.D.N.Y. Feb. 12, 2015). Numerous courts have recognized that a stay is appropriate during this 90-day window until a timely motion for substitution is filed. *See, e.g.*, *Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238, 240 (E.D.N.Y. 2001) (granting request for stay of discovery following suggestion of death pursuant to Fed. R. Civ. P. 25(a) until administrator appointed to decedent-party's estate); *see also Lungu v. New Island Hosp./St. Joseph Hosp.*, No. 11-CV-0755 (SJF)(GRB), 2012 WL 2050205, at *8 (E.D.N.Y. June 4, 2012) ("Since this action cannot proceed absent the substitution of a proper party for the deceased plaintiff, all pending motions are hereby denied without prejudice to renewal in the event that a proper party is substituted pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure."); *Valentis v. Brooklyn Soc. for Prevention of Cruelty to Children*, No. 08-CV-2741 (ARR) (LB), 2009 WL 5788764, at *1 (E.D.N.Y. Dec. 14, 2009) (noting that court had granted "request for stay pursuant to Fed. R. Civ. P. 25" to allow proper party to "obtain letters testamentary or maintain preliminary letters testamentary throughout the probate proceedings"); *U.S. ex rel. Colucci v. Beth Israel Med. Ctr.*, 603 F. Supp. 2d 677, 678 (S.D.N.Y. 2009) (noting that court had "stayed proceedings until such time as an executor or administrator has been appointed to [the decedent's] estate"); *Kernisant v. City of New York*, 225 F.R.D. 422, 425 (E.D.N.Y. 2005) (noting that "the Court stayed all remaining discovery" following

The Honorable Joanna Seybert
November 23, 2016
Page 2

suggestion of death pursuant to Fed. R. Civ. P. 25(a) while "an application was pending in surrogate's court for the appointment of an administrator for Plaintiffs' estate").[1]

Here such a stay is particularly appropriate. Mr. Brooks had previously filed a claim to certain of the *in rem* defendants. It has been only three weeks since Mr. Brooks died. His death was sudden and unexpected, and his family has been grieving. While steps are now being taken to administer Mr. Brooks's estate, that process is expected to take forty-five to sixty days, and Mr. Brooks's estate will not have a legal representative until that process is complete. Once properly substituted in this case, the estate will have the right to answer the complaint, join or file motions to dismiss, and participate in discovery and attend depositions. While it is unclear given the language of the original stay order when the time begins to run for the time to answer or move to dismiss, it would not be appropriate for that time to run, and for motion practice or discovery to proceed, without allowing Mr. Brooks's estate the opportunity to appear as a party.[2]

Moreover, not only would a stay afford Mr. Brooks's estate time to appoint a legal representative, the government will in no way be prejudiced. Although the government appears eager to resume the discovery already underway in the ancillary

---

[1] In addition, a brief stay will allow the parties to define whatever issues remain to be litigated in the Second Circuit. On November 1, 2016, I filed a letter in the Second Circuit making a suggestion of death and moving for abatement of Mr. Brooks's conviction, sentence, and all orders entered by this Court as to forfeiture, bail forfeiture, and restitution. The government has yet to respond to that motion. Upon the joint motion of Victoria Brooks, Andrew Brooks, Elizabeth Brooks (collectively, the "Brooks Children"), Terry Brooks and the government, the Second Circuit has ordered that the Brooks Children and Terry Brooks file supplemental briefs on December 16, 2016, to address the impact of Mr. Brooks's death on the pending appeal of the bail forfeiture order.[1] The government's responses to the motion filed by me and to the appeal of the bail forfeiture by the Brooks Children and Terry Brooks are due on January 17, 2017. If the government successfully contends that certain orders in the criminal proceeding should not abate, then Mr. Brooks's estate would be forced to litigate the merits of Mr. Brooks's appeal, which could impact this civil forfeiture proceeding. The likely inefficiency of proceeding in parallel in both the Second Circuit and in this Court was precise basis for the Court's issuance of the Stay Order.

[2] By order dated August 5, 2015, this action had been "stayed until 30 days after the disposition of the appeals in [*United States v. Brooks et al.*, No. 06-CR-550 (E.D.N.Y.)]." Order at 3, *United States v. All Assets Listed on Schedule I Attached Hereto*, No. 10-CV-4750-JS (E.D.N.Y. Aug. 5, 2015) ("Stay Order"). Indeed, pursuant to the Stay Order, all deadlines only "begin to run 30 days after the disposition of the appeals." *See id.* at 3.

The Honorable Joanna Seybert
November 23, 2016
Page 3

proceeding to the criminal action, I understand from counsel for the Brooks children and Terry S. Brooks that while they have completed document production, the government has yet to produce any documents in response to their document requests served in June. While the government has sought to depose one witness, Terry Brooks's sister, Mr. Brooks's estate has a right to be present for and participate in that deposition, and it therefore should not proceed until Mr. Brooks's estate has an opportunity to appear in this action.

      I appreciate Your Honor's consideration of this submission.

                Respectfully submitted,

                /s/ Richard C. Klugh
                Richard C. Klugh
                Law Offices of Richard C. Klugh
                40 N.W. Third Street, PH 1
                Miami, Florida 33128
                Tel: (305) 536-1191

cc:      Counsel of record (by ECF)